## REED et al. v. UNITED STATES FIDELITY & GUARANTY CO.

No. 24409.   Dec. 10, 1935.

Sands & Campbell, for plaintiffs in error.

Humphrey & Spence, for defendant in error.

PER CURIAM. Plaintiffs in error instituted this action as plaintiffs in the court below against defendant in error and Commercial Casualty Insurance Company of Newark, N. J., surety on the guardian's general bond, and W. K. Moore, the guardian's attorney in the sale proceedings, as co-defendants. The action was subsequently dismissed as to the defendants other than the defendant in error.

Plaintiffs' amended petition alleges as to the defendant in error, hereinafter referred to as defendant, that on September 28, 1928, one Jesse C. Donovan qualified, under appointment of the county court of Kay county, as guardian of Charles C. Donovan, Jesse N. Donovan, and Wynona M. Donovan, minors, and thereafter. in a proceeding in said guardianship matter for the sale of real estate, said guardian, on June 19, 1929, executed and filed his additional bond for the sale of real estate with the defendant as his surety, which bond was received and approved by the court, in the penal sum of $10,000. A copy of the bond is attached to the petition.

Plaintiffs allege that the guardian attempted to make a sale of real estate, under the authority and direction of the county court of Kay county, and executed a guardian's deed and secured the confirmation of a guardian's sale which purported to transfer and convey all of the minor's property involved therein to the plaintiffs, and that the plaintiffs delivered to the guardian the sum of $1,500 "by reason of the tender of said guardian's deed, conditionally upon the performance of certain acts by the said Jesse C. Donovan as guardian of said minor children, and that the said sum of $1,500 was delivered to the said guardian by reason of the execution of said original bond and additional bond for the sale of real estate by him and by the defendants, as sureties of said guardian." Plaintiffs plead a judgment in their favor against Jesse C. Donovan, as guardian of said minors, in the district court of Osage county, ordering and directing the said Jesse C. Donovan, as such guardian, to return and repay to the plaintiffs the said sum of $1,500 paid upon the purchase price of said real estate, and awarding the plaintiffs judgment against said guardian for said amount. A copy of the journal entry of this judgment is attached, and recites the findings of the court in the cause in which said judgment was entered, being case No. 14026 in the district court of Osage county, in which Jesse C. Donovan, guardian of said minors, was plaintiff, and the plaintiffs in the case at bar were defendants. The court found that certain notes and mortgages sued upon by the guardian in that case, which, with the $1,500 involved in the case at bar, constituted the purchase price of said real estate at said guardian's sale. were delivered to the guardian conditionally, and that the conditions of their delivery were never performed, and that the defendants there, plaintiffs here, were entitled to have said notes and mortgage canceled.

The court further found, as shown by the journal entry pleaded, that the defendants there, plaintiffs here, had delivered to the guardian for part of the purchase price at said guardian's sale a check for $1,500, and that the guardian had promised and agreed that he would not cash said check or use said notes and mortgage until certain leases were released and taxes paid upon said land, and that notwithstanding that agreement the guardian had cashed said check and used said funds in behalf of said minors. The judgment was that the guardian fail in his action upon the notes and to fore-

close the mortgage, and that the purchasers, plaintiffs in the case at bar, have judgment against the guardian for the said sum of $1,500, with interest from July 5, 1929, presumably the date of sale, at the rate of 6 per cent. (6%) per annum. This judgment directed the acceptance of a special warranty deed tendered by the said purchasers, reconveying to the guardian all right, title, and interest in the real estate of his wards acquired by them by the sale and guardian's deed. The journal entry of this judgment shows notice of appeal and extension of time to make and serve a case-made, but no appeal is alleged, so it is assumed that judgment against the guardian became final.

The petition further alleges that the said guardian wrongfully received the plaintiffs' purchase money and wrongfully used it as funds belonging to said minors, and that said money was used for the use and benefit of the said minors.

The petition alleges as against the defendant W. K. Moore that Mr. Moore received an attorney's fee for services rendered in the guardian's sale, and received such fee with knowledge that the sale was void, but does not otherwise allege that the sale was void, voidable, or defective. The plaintiffs' case has been dismissed as to the defendant Moore.

Plaintiffs' petition further alleges that the guardian has expended all of the purchase money and does not now have any of said funds in his possession, and that he has no funds whatsoever belonging to his wards, and asks judgment against the defendant, as surety on said guardian's sale bond. A copy of the sale bond is pleaded as an exhibit, conditioned that the guardian shall faithfully execute the duties of his trust according to law. None of the guardian's sale proceedings are shown, and it does not appear that the sale and its confirmation were ever avoided or held void, and no reason is assigned in the journal entry of the plaintiffs' judgment against the guardian for canceling plaintiffs' notes and mortgage and giving them judgment for the return of their purchase money and accepting the tender of their deed back to the guardian, other than the findings of the court that the plaintiffs' payment to the guardian of the purchase price at said sale was conditional upon the guardian's causing certain leases to be released and taxes paid upon the land sold. The defendant in the case at bar was not a party to the action in which the said judgment was rendered.

To the petition the defendant lodged a general demurrer, which was sustained by the trial court over the plaintiffs' exception, and upon the plaintiffs' refusal to plead further their action was dismissed and this appeal taken.

A considerable number of cases from various jurisdictions have held that a purchaser at a judicial sale, guardian's or otherwise, may, upon such sale being set aside, recover back his purchase money. These cases have been decided upon ordinary equitable principles of reimbursement, restoration of purchase price on failure of consideration, and the prevention of the unjust enrichment which would result to the estate of the guardian's wards if they could recover back their land and keep the purchase money. Most of such cases have been suits by the wards, or their proper representatives, to recover back the land, in which restoration of the purchase price was made a condition of the equitable decree, restoring the property to its former owner. See Annotations, 21 L. R. A. 50, and following, 69 L. R. A. 39 and following.

In the case of minors, the purchaser is entitled, upon the sale being set aside, to reimbursement of the purchase price, where it is shown to have been used for the benefit of the minors. 16 R. C. L. 104, Title "Judicial Sales," section 75; 28 Corpus Juris, 1203, Title "Guardian and Ward," section 352.

Courts have sometimes imposed an equitable lien on the land in favor of the purchaser for the reimbursement of his purchase money, and, in the adjustment of the equities, have held that the purchaser should be reimbursed for taxes paid and improvements placed on the land, and charged with rents and profits received by him from the land. All of this seems entirely proper, and such relief might have been had by the plaintiffs in this case in their action against the guardian, culminating in the judgment pleaded in this petition.

That judgment is, of course, binding and conclusive upon the rights and obligations of the parties to the action in which it was rendered. It is contended that it is conclusive upon the defendant here, as surety on the guardian's sale bond. Its conclusiveness must be determined from the nature of the surety's obligation and the terms of the sale bond. 50 Corpus Juris, 197, Principal and Surety, section 336. The bond is conditioned for the faithful execution by the guardian of the duties of his trust with reference to the sale of the real

estate in question. Reading into the bond the terms of the controlling statute, section 1473, O. S. 1931, the guardian's duty was to sell the land in the manner and account for the proceeds of the sale as provided in article 6 of chapter 9, Okla. Stats. 1931. That article provides certain purposes for which the real estate of a ward may be sold, including section 1462, the maintenance and education of the ward, and section 1463, investment for interest or the improvements or security of other real estate of the ward. Sections 1464, 1465, and 1477 provide for the disposition of the proceeds of such sales for the purposes authorized, for the maintenance and education of the ward, or, in proper cases, for investment in proper securities, under the direction of the county court. The application of the proceeds of sales to these purposes is the guardian's fiduciary obligation, for performance of which his surety is liable on his sale bond, and that is the obligation contemplated by the statute and by the parties when the bond is given.

We cannot hold that it is any part of the guardian's fiduciary duty to hold the sale proceeds intact for an indefinite period to find out whether the sale is going to be attacked for some reason and avoided or the purchaser allowed to rescind, in order that the guardian may have the fund intact to return to the purchaser. Such a proposition answers itself. Such a rule would completely thwart the purposes of guardian's sales and place upon the guardian and his surety such an intolerable burden that it would greatly discourage prudent men from undertaking to act in either capacity. We hold that there is no such obligation upon the guardian by reason of his guardianship, and that the liability of the surety on his guardian's sale bond does not extend to the reimbursement of the purchaser upon the sale being set aside. The purchaser must look to his ordinary and proper equitable remedies for his assurance of realizing upon his right to reimbursement in such cases, and, if he fails to avail himself of these, must look to the solvency of the ward's estate for the payment, like any other creditor. The guardian's sureties do not assure this solvency, but only the proper application of the funds of the estate to items properly chargeable against the estate, which is a matter for the county court to determine upon the guardian's accounts.

We are cited to no case where the purchaser at judicial sale has been held to have an action on the sale bond for recovery of the purchase money upon the sale being set aside, and are unable to discover any, except the West Virginia case of State v. United States Fidelity & Guaranty, 94 S. E. 123, and in that case the sale was by a court commissioner, under a statute prescribing his duty, upon receiving money under any order or decree of the court, to pay the same as the court should order, and expressly making him and his sureties liable upon his official bond for failure so to do. The commissioner did fail to comply with the court's order as to the distribution of sale proceeds in his hands, and upon the sale being held void, the commissioner and his surety were held liable to the purchaser for the part of the purchase money remaining in the possession of the court commissioner, in order to restore, so far as possible, the status quo. The distinction is obvious. The liability claimed was within the terms and intention of the bond and statute in the case cited and is not in the case at bar.

One case cited by counsel calls for specific mention here, and that is the case of Brook v. Wertz, 61 Okla. 238, 160 P. 903, in which it was held that where a purchaser in good faith, at a void guardian's sale, pays the purchase price to the guardian, the guardian holds the same as a trust fund for the use and benefit of the purchaser, and where the title to the property fails on account of the proceedings being void, it is the duty of the guardian to refund the money to the purchaser. The trust doctrine was used to follow a part of the purchase money as a part of the trust res into the hands of the guardian's attorney as a party taking with knowledge of the so-called trust. In so far as the creation of a trust under such circumstances is concerned, the case is not supported by any authority, cited in the opinion or otherwise, and certainly not by reason and principle. None of the elements of a trust appear in such a situation between the guardian and the purchaser. We do not find where such a doctrine has ever been followed, and the case should be definitely overruled to the extent that it creates or recognizes such a trust.

The case at bar, however, is not within the Brook Case. There is nothing in plaintiff's petition to indicate that the guardian's sale in the case at bar was void except the conditions imposed by plaintiff upon his bid, to wit, that the guardian should hold plaintiffs' check, notes, and mortgage until certain leases had been released and taxes paid on the land. These conditions were

improper and illegal, and would have been ground to avoid the sale in a suit for that purpose on behalf of the minors. Such conditions, if not expressed in the return of the sale proceedings, would constitute a fraud upon the court and upon the minors, and, if expressed, would constitute a bid which the court would have no authority to accept.

A guardian's sale is a sale of the minors' interest in the land, and a bid conditional upon a perfect title free and unincumbered is not authorized by our law and is not one which the court is authorized to accept. The sale is a judicial sale and the rule of caveat emptor applies. Tucker v. Leonard, 144 Okla. 264, 291 P. 124.

If the guardian's sale was set aside as void for this reason, then the plaintiffs were not bona fide purchasers and would still not come within the Brook Case.

Even if a trust relation could be imposed upon the guardian with reference to and for the benefit of the purchaser, such trust would be an entirely different trust from that of the guardianship, where the guardian's fiduciary relation is with reference to his ward, and would not be the trust for which the defendant assured the guardian's fidelity in executing the guardian's sale bond.

We must conclude that the petition in this case stated no cause of action against the defendant, and accordingly the judgment of the court below is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. G. C. Bierer, Jr., Merle G. Smith, and Harry F. Brown in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bierer and approved by Mr. Smith and Mr. Brown, the cause was assigned to a Justice of this court for examination and report to this court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.